WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roger Wayne Preayer,<br><br>  Plaintiff,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>  Defendants. | No. CV-18-03979-PHX-DGC (ESW)<br><br>**ORDER** |

This Order sets forth the Court's rulings on (i) Plaintiff's "Motion for Leave to Amend Complaint" (Doc. 56); (ii) Defendant Shinn's "Motion for Leave to File Separate Motions for Summary Judgment" (Doc. 60); and (iii) the parties' "Expedited Joint Motion to Extend the Deadline to File Motions for Summary Judgment" (Doc. 63).

## I. DISCUSSION

### A. Plaintiff's "Motion for Leave to Amend Complaint" (Doc. 56)

#### 1. Background

Plaintiff is an Arizona state prisoner. In November 2018, Plaintiff, through counsel, initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff's Complaint named Arizona Department of Corrections Director Charles Ryan ("Ryan") and Corizon Health, Inc. as Defendants. The Complaint states that Ryan is sued in his official capacity. (*Id.* at 2, ¶4). The Court required Defendants to answer the Complaint. (Doc. 3). Following Defendants' appearances, the Court issued a Scheduling Order setting

pretrial deadlines. (Doc. 26). The deadline for filing motions to amend the pleadings was June 18, 2019. (*Id.* at 2). During the pendency of this action, Ryan retired from the Arizona Department of Corrections and was replaced by David Shinn. On December 17, 2019, the Court issued an Order that (i) substituted David Shinn for Ryan in his official capacity only pursuant to Federal Rule of Civil Procedure 25(d) and (ii) dismissed Ryan from the action without prejudice. (Doc. 43). On April 16, 2020, Plaintiff moved to amend the Complaint to sue Ryan in his personal capacity. (Doc. 56).

**2. Analysis**

Federal Rule of Civil Procedure 15(a)(2) provides that a court should "freely give leave [to amend] when justice so requires." However, the Scheduling Order's June 18, 2019 deadline for amendment of pleadings has passed. (Doc. 26 at 2). Once a district court has filed a Rule 16 scheduling order setting a deadline for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b) and only secondarily by Rule 15(a). A Rule 16 scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Further, an extension of a deadline sought after its expiration requires a showing of "excusable neglect," not merely "good cause." *See* Fed. R. Civ. P. 6(b)(1)(B); *see also Mireles v. Paragon Sys., Inc.*, No. 13-CV-122-L (BGS), 2014 WL 575713, at *2 (S.D. Cal. Feb. 11, 2014) ("a party moving to amend a pleading after a scheduling order deadline has passed must support the motion by demonstrating both excusable neglect and good cause") (citation omitted); *Almaraz v. City of Mesa*, No. CV-10-1348-PHX-FJM, 2011 WL 1661535, at *1 (D. Ariz. May 3, 2011) (applying excusable neglect standard to motion to reopen scheduling order deadline); *Hernandez v. Maricopa Cty.*, No. CV-07-272-PHX-JAT, 2009 WL 77647, at *1 (D. Ariz. Jan. 12, 2009) (explaining that "excusable neglect is the standard that must be met by the parties to receive an extension of an expired deadline").

There are at least four factors in determining whether neglect is excusable: (i) the danger of prejudice to the opposing party; (ii) the length of the delay and its potential impact on the proceedings; (iii) the reason for the delay; and (iv) whether the movant acted

in good faith. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The determination of whether neglect is excusable is ultimately an equitable one, taking into account all relevant circumstances surrounding the party's omission. *See Pioneer*, 507 U.S. at 395. This equitable determination is left to the discretion of the district court. *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

**2. Analysis**

The Court finds that the balance of relevant factors weighs in favor of denying Plaintiff's Motion (Doc. 56). Plaintiff has not provided a persuasive reason for his significant, approximately ten-month delay in seeking to amend the Complaint. Although the parties sought the extension of certain pretrial deadlines, Plaintiff never moved for an extension of the deadline for amending the pleadings. (*See* Docs. 50, 54). Moreover, it is noted that Plaintiff filed the Motion approximately four months after the Court dismissed Ryan. The docket reflects that the parties have treated this matter as an official capacity suit. *See Lil' Man In The Boat, Inc. v. City & Cty. of San Francisco*, No. 17-CV-00904-JST, 2019 WL 8263438, at *4 (N.D. Cal. Nov. 6, 2019) (denying plaintiff's request to file an amended complaint to clarify that defendants are sued in both official and personal capacities where both parties treated the case as only an official capacity suit). The Court finds that there is a danger of prejudice to Ryan that would result by being forced to litigate a personal-capacity action at this late stage. *See Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir. 1990) (upholding the denial of leave to amend because the plaintiff had delayed filing the amended complaint for eight months beyond the time they should have known of the existence of the claims and noting that "[p]rejudice to the opposing party is the most important factor" in determining whether to grant leave to amend). In addition, allowing Plaintiff to proceed with the First Amended Complaint would interfere with the expeditious resolution of this matter.

In sum, because (i) the length of Plaintiff's delay is significant, (ii) Plaintiff's reason for the delay is not persuasive, (iii) there is prejudice Ryan, and (iv) allowing the untimely

- 3 -

First Amended Complaint to proceed would adversely impact this proceeding, the Court finds that Plaintiff has failed to establish excusable neglect. The Court further finds that Plaintiff has failed to show good cause to modify the Scheduling Order. *See Stephens v. Georgia Dept. of Transp.*, 134 Fed. Appx. 320, 322 (11th Cir. 2005) (district court did not abuse its discretion by holding that plaintiff's sole reason for delay in filing motion to amend after deadline set by scheduling order—that she had discovered a new legal theory through additional research—was insufficient to show good cause). Plaintiff's Motion (Doc. 56) will be denied.

### B. Defendant Shinn's "Motion for Leave to File Separate Motions for Summary Judgment" (Doc. 60) and the Parties "Expedited Joint Motion to Extend the Deadline to File Motions for Summary Judgment" (Doc. 63)

The Court's Scheduling Order provides that "[a]bsent leave of Court, no party shall file more than one motion for summary judgment." (Doc. 26 at 5). In his May 1, 2020 Motion (Doc. 60), Defendant Shinn explains that he is represented by two separate counsel in this matter and requests the Court's leave to file separate, but not duplicative, motions for summary judgment concerning only Count One of the Complaint. After reviewing the parties' briefing (Docs. 60, 65, 66), the Court is persuaded by Plaintiff's argument that allowing Defendant Shinn to file two motions for summary judgment would confuse the issues and is not in the interests of judicial economy. Defendant Shinn's Motion (Doc. 60) will be denied.

Finally, the Court has reviewed the parties' Joint Motion (Doc. 63) seeking an extension of the deadline for filing motions for summary judgment. For good cause shown, the Joint Motion will be granted.

### II. CONCLUSION

**IT IS ORDERED** denying Plaintiff's "Motion for Leave to Amend Complaint" (Doc. 56).

**IT IS FURTHER ORDERED** denying Defendant Shinn's "Motion for Leave to File Separate Motions for Summary Judgment" (Doc. 60).

**IT IS FURTHER ORDERED** granting the parties' "Expedited Joint Motion to

Extend the Deadline to File Motions for Summary Judgment" (Doc. 63).  Motions for summary judgment shall be filed no later than **June 26, 2020**.

Dated this 12th day of June, 2020.

*/s/ EsWillett*
Honorable Eileen S. Willett
United States Magistrate Judge